## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **KAFI, INC.,** | § | |
| | § | |
| **plaintiff,** | § | |
| | § | |
| **v.** | § | **Case 4:21-cv-01610** |
| | § | |
| **FEDERAL NATIONAL MORTGAGE** | § | |
| **ASSOCIATION,** *et al.***,** | § | |
| | § | |
| **defendants.** | § | |

### FANNIE MAE AND NEW RESIDENTIAL MORTGAGE, LLC'S
### STATEMENT CONCERNING REMOVAL

Federal National Mortgage Association (**Fannie Mae**) and New Residential Mortgage, LLC (**New Residential**) submit this statement concerning removal as follows:

**1.** **The dates on which defendants or their representatives first received a copy of the summons and complaint in the state court action.**

New Residential first received a copy of the summons and complaint on April 26, 2021.

Fannie Mae first received a copy of the complaint on April 28, 2021.

**2.** **The dates on which each defendant was served with a copy of the summons and complaint, if any of those dates are different from the dates set forth in item 1.**

New Residential was served with summons and complaint through its registered agent on April 26, 2021.  Fannie Mae was not served with summons and complaint.

**3.** **In actions predicated on diversity jurisdiction, whether any defendants who have been served are citizens of the state in which this court sits.**

Neither New Residential nor Fannie Mae are Texas citizens.

**4.** **In actions predicated on diversity jurisdiction, the amount alleged to be in controversy and the basis for this information.**

FANNIE MAE AND NEW RESIDENTIAL'S STATEMENT CONCERNING REMOVAL
Case 4:21-cv-01610; *Kafi, Inc. v. Federal National Mortgage Association, et al.*

Page 1 of 5

The amount in controversy is $157,961.  Kafi sues for declarations Fannie Mae's deed of trust against the property at 12314 Ashling Drive, Stafford, Texas is "null and void and of no force and effect," is "void as time-barred [and] . . . must be declared invalid and void," and/or neither Fannie Mae nor New Residential (the mortgage servicer) have standing to enforce it.  (orig. pet. at ¶¶ 15-26 & prayer for relief, dkt. 1-2.)  Kafi also seeks a "permanent injunction forever preventing interference with Kafi's status as superior title-holder."  (*id.* at prayer for relief, dkt. 1-2.)

"In actions seeking declaratory or injunctive relief the amount in controversy is measured by the value of the object of the litigation."  *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983); *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 341 (5th Cir. 2013) (per curiam); *see also Nationstar Mortg., LLC v. Knox*, 351 F. App'x 844, 848 (5th Cir. 2009) ("[w]hen … a right to property is called into question in its entirety, the value of the property controls the amount in controversy") (quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir. 1961)).  The object of this litigation—12314 Ashling Drive, Stafford, Texas—is valued at $157,961 by the Harris County Appraisal District.  (Harris appraisal dist. report, **doc. 1 at ex. 8**.)  *See e.g.*, *Hernandez v. Residential Accredit Loans Inc., Mortg. Asset-Backed Pass-Through Certificates, Series 2007-QS3*, No. H-18-0724, 2018 WL 4033785, at *3 (S.D. Tex. Aug. 23, 2018) (citing appraisal district report as evidence, held "[b]ecause plaintiffs . . . seek a declaration that the lien is void, and because the current market value of the property is $290,091.19 the amount in controversy exceeds the jurisdictional minimum of $75,000.")

5. **If removal takes place more than 30 days after any defendant first received a copy of the summons and complaint, the reasons why removal has taken place at this time and the date on which the defendants first received a paper identifying the basis for such removal.**

Not applicable.  This case was removed on May 14, 2021 (not. of removal, dkt. 1), less than 30 days after either New Residential or Fannie Mae first received a copy of the summons and complaint.

6. **In actions removed on the basis of this court's diversity jurisdiction in which the action in state court was commenced more than one year before the date of removal, the reasons why this action should not summarily be remanded to state court.**

Not applicable.  Kafi filed its petition in the state court action on April 21, 2021 (orig. pet., dkt. 1-2), less than one year before removal.

7. **Identify any defendants who had been served prior to the time of removal who did not formally join in the notice of removal and the reasons therefore.**

None.

8. **If the case was removed on the basis of diversity jurisdiction, please list the citizenship of all parties (including the citizenship of each member of any partnership or LLC that is a party to this suit).**

New Residential is a Delaware and New York citizen.  New Residential is a Delaware limited liability company.  The citizenship of a limited liability company is determined by the citizenship of each member.  *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).  New Residential's sole member is New Residential Investment Corporation, a corporation.  A corporation is a citizen of the state in which it is incorporated and in which it has its principal place of business.  28 USC § 1332(c).  New Residential Investment Corporation is incorporated in Delaware with its principal place of business in New York.  New Residential Investment Corporation is a citizen of Delaware and New York for diversity purposes.

Fannie Mae is a citizen of the District of Columbia.  Fannie Mae is a federally chartered corporation.  12 USC § 1717(a).  A federally chartered corporation ordinarily has national citizenship because it is incorporated under acts of Congress, rather than under state laws. *Hayward v. Chase Home Fin., LLC*, No. 3:10-CV-2463-G, 2011 WL 2881298, at *3 (N.D. Tex. July 18, 2011).  An exception exists "where Congress has passed legislation specifying that the corporation is a citizen of a particular state for jurisdictional purposes."  *Id*.  Fannie Mae's charter states "it shall maintain its principal office in the District of Columbia . . . and shall be deemed, for purposes of jurisdiction and venue in civil actions, to be a District of Columbia corporation."  12 USC § 1717(a)(2)(B).

Date: August 24, 2021

Respectfully submitted,

*/s/ Michael J. McKleroy, Jr.*
Michael J. McKleroy, Jr.
SBN: 24000095, FBN: 576095
michael.mckleroy@akerman.com
 *--Attorney in Charge*
C. Charles Townsend
SBN: 24028053, FBN: 1018722
charles.townsend@akerman.com
Taylor D. Hennington
SBN: 24116508, FBN: 3597797
taylor.hennington@akerman.com
AKERMAN LLP
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: 214.720.4300
Facsimile:  214.981.9339

**ATTORNEYS FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

A true and correct copy of this document was served on August 24, 2021 as follows:

Jeffrey C. Jackson
Jeffrey Jackson & Associates, PLLC
2200 N. Loop West, Suite 108
Houston, Texas 77018
**<u>VIA ELECTRONIC CASE FILE</u>**

*/s/ Michael J. McKleroy, Jr.*
Michael J. McKleroy, Jr.
