UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **KAFI, INC.,** | § | |
| | § | |
| plaintiff, | § | |
| | § | |
| v. | § | Case 4:21-cv-01610 |
| | § | |
| **FEDERAL NATIONAL MORTGAGE ASSOCIATION**, *et al.*, | § | |
| | § | |
| defendants. | § | |

## DEFENDANTS FANNIE MAE AND NEW RESIDENTIAL MORTGAGE, LLC'S OPPOSITION TO KAFI, INC.'S MOTION TO CONTINUE

Kafi fails to make even a prima facie showing it is entitled to discovery before this court rules on Fannie Mae and New Residential's summary judgment motion.  Kafi's sole argument is it needs "discovery regarding the relationship between Cendant and PHH."  This information is publicly available and equally accessible to Kafi. *See e.g.*, *Johnson v. Fannie Mae*, No. 2:12-cv-00452, 2013 WL 3819365, *3 (W.D. Mich. Jul. 23, 2013) ("[p]ublic records . . . show that Cendant Mortgage simply changed its name to PHH Mortgage when Cendant Corporation-the parent of PHH Mortgage spun off its subsidiary-Cendant Mortgage-to Cendant Corporation shareholders.") (McKleroy decl. at ¶ 3, **ex. F**; am. cert. of incorp., **ex. F-1**.)  Further, the information sought by Kafi will not affect the outcome of Fannie Mae and New Residential's motion.  Any claim regarding the assignment executed by PHH is not properly before the court.  Even if it was, Kafi lacks standing to challenge the assignment.  Even if Kafi could challenge the assignment, a successful challenge would not affect the validity of the deed of trust or Fannie Mae's right to enforce it as the owner and holder of the note.  Kafi's motion is nothing more than a fishing expedition to delay consideration of Fannie Mae and New Residential's motion.

## I.    ARGUMENTS & AUTHORITIES

**A.    Information regarding Cendant and PHH's relationship is publicly available.**

1.    There is no need for the proposed discovery because the information sought is publicly available and equally accessible to Kafi. *FTC v. Think All Pub., LLC*, No. 4:07-CV-011, 2008 WL 687456, at *2 (E.D. Tex. Mar. 11, 2008) (sustaining objection to discovery requesting "public records . . . equally accessible to both parties because [the discovery could] be retrieved through a search of the FTC's website"); *see also Eschelman v. Puma Biotechnology, Inc.*, No. 7:16-CV-18-D, 2018 WL 1702773, at *6 (E.D. N.C. Apr. 6, 2018) ("However, courts typically do not order discovery of public records which are equally accessible to all parties.") (citing *Taylor v. McGill Envtl. Sys. of N.C., Inc.*, No. 7:13-CV-270-D, 2015 WL 1125108, at *10 (E.D. N.C. Mar. 12, 2015) (citing *SEC v. Strauss*, No. 09-CIV-4150-RMB/HBP, 2009 WL 3459204, at *11 (S.D. N.Y. Oct. 28, 2009) ("Courts have declined to compel production of documents in the hands of one party when the material is equally available to the other party from another source."))).

2.    With minimal effort—which Kafi should have done before filing this lawsuit if it really had an issue with the assignment—Kafi will discover "[p]ublic records . . . show that Cendant Mortgage simply changed its name to PHH Mortgage when Cendant Corporation-the parent of PHH Mortgage spun off its subsidiary-Cendant Mortgage-to Cendant Corporation shareholders." *Johnson v. Fannie Mae*, supra, 2013 WL 3819365, at *3; *see also PHH Mortg. Corp. v. Ashtiani*, No. 5-17-0060, 2019 Il App. (5th) 170060-U at fn.1 (2019) ("PHH Mortgage Services Corporation was incorporated in 1985 in New Jersey.  The articles of incorporation were amended on December 19, 1997, to include a name change from PHH Mortgage Services Corporation to Cendant Mortgage Corporation.  On February 1, 2005, a second amendment changed the name from defendant Mortgage Corporation to PHH Mortgage Corporation."); *James v. PHH Mortg. Corp.*, No. 1:17-cv-1890, 2017 WL 11144695, * (N.D. Ga. Jul. 31, 2017) ("since

Cendant merely changed its name to PHH, no assignment of the Security Deed was necessary for Defendant to obtain Cendant's rights under the instrument.")

3. The Texas Secretary of State's records contain the same information. (McKleroy decl. at ¶ 4, **ex. F**; am. cert. of incorp., **ex. F-1**.)

**B.    Proposed discovery is not material to outcome of case.**

4. To obtain a continuance to conduct discovery, Kafi is required to demonstrate "how additional discovery will create a genuine issue of material fact." *Canady v. Bossier Par. Sch. Bd.*, 240 F.3d 437, 445 (5th Cir. 2001) (citation omitted). Kafi "must 'set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.'" *Am. Family Life Assurance Co. v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)). The information sought by Kafi will not affect the outcome of this case.

(**i**)    **Any claim regarding the assignment's validity is improperly before the court.**

5. Kafi's attempt to challenge the November 6, 2020 assignment is improper. The only claim Kafi asserts in its petition regarding assignments is "there is no complete and unbroken chain of assignments and transfers of the loan or loan documents from the original lender, Banco Popular, to New Residential." (pet. at ¶ 18, **dkt. 1-2**.) Kafi "cannot raise new claims for the first time in a response to a motion for summary judgment." *Croteau v. CitiMortgage, Inc.*, No. 4:12-CV-693, 2014 WL 119968, at *15 (E.D. Tex. Jan. 13, 2014); *see also U.S. ex rel. DeKort v. Integrated Coast Guard Systems*, 475 F. App'x 521, 522 (5th Cir. 2012) ("[T]he Supreme Court has mandated a liberal pleading standard for civil complaints . . . This standard however does not afford plaintiffs with an opportunity to raise new claims at the summary judgment stage . . . At the

summary judgment stage, the proper procedure for plaintiffs to assert a new claim is to amend the complaint in accordance with Fed. R. Civ. P. 15(a).")

(**ii**)     **Kafi lacks standing to challenge the assignment.**

6.     Even if Kafi's claim regarding the November 6, 2020 assignment is properly before the court, it is not the sort of challenge Kafi has standing to raise because Fannie Mae and New Residential established an unbroken, recorded chain of assignments from Banco Popular, N.A. to Shellpoint.  (msj at ¶ 3, **dkt. 7**.)  *Farkas v. GMAC Mortgage LLC*, No. H-11-3064, 2012 WL 13050595, at *6 (S.D. Tex. Sept, 26, 2012) ("It is well settled that persons who were not a party to assignments or to agreements governing assignments lack standing to challenge the validity of a documented, unbroken chain of transfers of rights") (collecting cases).  Kafi can only challenge the assignment as void, not merely voidable.  *Reinagel v. Deutsche Bank National Trust Co.*, 735 F.3d 220, 225 (5th Cir. 2013).  Even if PHH did not have the authority to execute the November 6, 2020 assignment, lack of authority would only render the assignment voidable.  *Id*. at 226.

(**iii**)     **Successful challenge to assignment will make no difference.**

7.     Kafi sues for a declaration the deed of trust is void and to quiet its title to the property.  (pet. at ¶¶ 18(a); 27-31, **dkt. 1-2**.)  Establishing the November 6, 2020 assignment was voidable (or even void) will not advance either claim.  *See e.g., Morlock, LLC v. JPMorgan Chase Bank, N.A.*, No. CIV-A-H-13-0734, 2013 WL 5781240, at *11 (S.D. Tex. Oct. 25, 2013), *aff'd* (July 8, 2014) (quiet title claim by homeowners association sale purchaser dismissed because it did not properly contest, or suggest its own interest is superior to, lender's deed of trust and instead merely challenged the assignment of the deed of trust).

8.     Even if Kafi is simply trying to obtain a judgment Fannie Mae cannot enforce the deed of trust, this claim too fails because Kafi does not dispute Fannie Mae is the owner and holder

of the note. *Everbank, N.A. v. Seedergy Ventures, Inc.*, 499 S.W.3d 534, 541 (Tex. App.—Houston [14th Dist.] 2016, no pet.) ("[B]ecause the rule in Texas is that the mortgage follows the note, [Fannie Mae] would be entitled to foreclose on the property as holder of the note even if the assignment of the deed of trust was void.") (msj at ¶ 16, **dkt. 7**; Gonzales decl. at ¶ 6, **ex. A**.)

9. Kafi's reliance on *Green v. Green Tree Servicing, LLC*, 230 So.3d 989 (Fla. 5th Dist. 2017) is misplaced. There was no merger between PHH and Cendant. Even if there was, Florida foreclosure law does not apply to a Texas foreclosure.

## II. CONCLUSION

Kafi does not need, and is not entitled to, discovery. It could have easily obtained the information sought without conducting discovery, and the information will make no difference to the outcome of Fannie Mae and New Residential's motion.

Date: September 17, 2021

Respectfully submitted,

*/s/ Michael J. McKleroy, Jr.*
Michael J. McKleroy, Jr.
SBN: 24000095, FBN: 576095
michael.mckleroy@akerman.com
 --*Attorney in Charge*
C. Charles Townsend
SBN: 24028053, FBN: 1018722
charles.townsend@akerman.com
Taylor D. Hennington
SBN: 24116508, FBN: 3597797
taylor.hennington@akerman.com
AKERMAN LLP
2001 Ross Avenue, Suite 3600
Dallas, Texas 75201
Telephone: 214.720.4300
Facsimile: 214.981.9339

**ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

A true and correct copy of this document was served on September 17, 2021 as follows:

Jeffrey C. Jackson
Jeffrey Jackson & Associates, PLLC
2200 N. Loop West, Suite 108
Houston, Texas 77018
**VIA ELECTRONIC CASE FILE**

                               */s/ Michael J. McKleroy, Jr.*
                               Michael J. McKleroy, Jr.